## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2017, 5:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Lawrence II,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 13, 2017

Court of Appeals Case No.
49A02-1705-CR-906

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1611-F5-45644

**Najam, Judge.**

# Statement of the Case

Robert Lawrence II appeals his convictions, following a jury trial, for domestic battery, as a Level 5 felony, and domestic battery, as a level 6 felony.[1] Lawrence raises one issue on appeal, namely, whether the State presented sufficient evidence to support his convictions.

We affirm.

# Facts and Procedural History

On November 22, 2016, Lawrence and H.C. were living together with their four-year-old son in an apartment in Indianapolis and had been dating for approximately eight and a half years. On that date, Lawrence and H.C. had a heated argument. The argument began in their son's bedroom but moved to other areas of the apartment, including the bathroom and the kitchen. The argument was loud enough that it woke up Quentin Moore, their neighbor. Moore heard a loud bang on the wall that his apartment shared with Lawrence and H.C.'s apartment, and he heard a child crying. He opened his door to see what was happening. Moore watched H.C. walk out of her apartment, but then he saw a hand grab her shoulder and "nudge" her back inside the apartment before the door slammed shut. Tr. Vol. II at 51. At that point, Moore called 9-1-1. Moore told the operator that he heard a "little kid crying" in his neighbor's apartment, and he heard H.C. yell "get off me." State's Ex. 1. H.C. also called

---

[1] Lawrence does not challenge his conviction for resisting law enforcement, as a Class A misdemeanor.

9-1-1 and told the operator that Lawrence "put his hands on me" and that she was "scared." *Id*.

[4] Officers with the Indianapolis Metropolitan Police Department responded to the 9-1-1 call and observed Lawrence sitting on the porch outside the apartment. Officer Michael Pflum interviewed H.C. and noticed red marks on H.C.'s neck and hands. Officers placed Lawrence in handcuffs and took him to the Marion County Jail. In the early hours of the next morning, Lawrence called H.C. twice from the jail. During one of these phone calls, H.C. asked Lawrence "why did you feel the need to make it physical?" State's Ex. 8.

[5] On November 28, 2016, the State charged Lawrence with two counts of domestic battery, as Level 5 felonies (Counts I and II); two counts of domestic battery, as Level 6 felonies (Counts III and IV); and one count of resisting law enforcement, as a Class A misdemeanor (Count V). On March 9, 2017, the State filed a habitual offender sentencing enhancement.

[6] On March 16, the trial court held a bifurcated jury trial. The jury found Lawrence guilty of Count I, Count III, and Count V but not guilty of Count II or Count IV. The trial court proceeded to the second phase of the trial the same day. During the second phase, Lawrence admitted that he had previously been convicted of domestic battery against H.C., and he admitted that he was a habitual offender. The trial judge entered judgment of conviction accordingly. On May 1, the trial court sentenced Lawrence to five years in the Indiana Department of Correction for Count I. The trial court also sentenced Lawrence

to an aggregate sentence of four years for Count III and one year for Count V, to run concurrent with the sentence for Count I. This appeal ensued.

# Discussion and Decision

[7] Lawrence contends that the State failed to present sufficient evidence to support his convictions. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

### Count I – Domestic Battery as a Level 5 Felony

[8] Lawrence first contends that the State failed to present sufficient evidence to support his conviction for domestic battery, as a Level 5 felony. To convict Lawrence of domestic battery, as a Level 5 felony, the State was required to prove that Lawrence knowingly or intentionally touched H.C., a family or household member, in a rude, insolent, or angry manner and that Lawrence had a previous conviction for a battery offense against H.C. *See* Ind. Code § 35-42-2-1.3(c)(4)(A) (2017). Here, the parties only dispute whether the evidence shows that Lawrence touched H.C. in a rude, insolent, or angry manner.

[9] Lawrence contends that the State did not present sufficient evidence because "under oath, [H.C.] asserted he did not batter her, but took her hand just to plead with her to talk." Appellant's Br. at 9. He further stated that "[i]n this case, [H.C.] denied most of the allegations the State put forth to support its domestic battery charges." *Id.* at 11. And "[w]hat she admitted did not support a rude, insolent, or angry touching." *Id.* In support of his contention, Lawrence relied on H.C.'s testimony during trial. H.C. testified that Lawrence grabbed her hand "in a pleading way." Tr. Vol. II at 126. She further testified that he did not hit her or squeeze her hand. And she stated that her hands are "always red" because she works in the kitchen for Indianapolis Public Schools and her hands are "constantly in bleach all day long." *Id.* at 127.

[10] But we agree with the State that a reasonable fact-finder could have determined from the evidence that Lawrence touched H.C. in a rude, insolent, or angry manner. The State presented the two 9-1-1 calls, the calls between Lawrence and H.C. while Lawrence was in jail, and the testimony of several witnesses. During H.C.'s 9-1-1 call, she told the operator that Lawrence "put his hands on me" and that she was "scared." State's Ex. 1. And Moore told the 9-1-1 operator that he heard H.C. say "get off me." *Id.* Additionally, during one of the phone calls with H.C. while Lawrence was in jail, H.C. asked Lawrence "why did you feel the need to make it physical?" State's Ex. 8.

[11] During trial, Moore testified that, before he called 9-1-1, he heard H.C. yell "'Stop it.' 'Get off of me.' 'You're hurting me.' 'You're grabbing my hand.' 'My hand hurt.' 'You're hurting my hand.'" Tr. Vol. II at 52. Moore further

testified that, at some point after the police arrived, H.C. showed him her hand and it was "red and her . . . finger was kind of like a little misformed." *Id*. at 57-58. Similarly, Officer Pflum testified that H.C. "had a red mark around the neck area . . . and she also had red marks and scratches on her hand." *Id*. at 82.

[12] The evidence most favorable to the judgment shows that Lawrence touched H.C. in a rude, angry, or insolent manner. Accordingly, we affirm his conviction for domestic battery, as a Level 5 felony.

### *Count III – Domestic Battery as a Level 6 Felony*

[13] Lawrence also contends that the State failed to present sufficient evidence to support his conviction for domestic battery, as a Level 6 felony. To convict Lawrence of domestic battery, as a Level 6 felony, the State was required to show that Lawrence knowingly or intentionally touched H.C., a family or household member, in a rude, insolent, or angry manner, and that he committed the offense in the physical presence of a child less than sixteen years of age, knowing that the child was present and might be able to see or hear the offense. *See* Ind. Code § 35-42-2-1.3(b)(2). Lawrence maintains that the evidence is insufficient to prove that he committed the offense in the physical presence of his four-year-old son.

[14] Lawrence contends that, despite the fact that his four-year-old son was in the living room during the offenses, there is insufficient evidence "regarding what [the child] might have seen or heard while his parents were in the bedroom, bathroom, or kitchen." Appellant's Br. at 13. However, "the critical question

in determining whether a child is 'present' for purposes of the statute is *whether a reasonable person would conclude that the child might see or hear the offense*; not whether the child is in the same room as where the offense is taking place." *Manuel v. State*, 971 N.E.2d 1262, 1270 (Ind. Ct. App. 2012) (emphasis added).

[15] We agree with the State that a reasonable fact-finder could have determined that Lawrence touched H.C. in a rude, insolent, or angry manner in the presence of a child less than sixteen years of age. When Moore called 9-1-1, he told the operator that he heard "a little kid crying." State's Ex. 1. And during trial, Moore testified that he saw "Mr. Robert Lawrence, [H.C.], and their son" in the apartment. Tr. Vol. II at 65. Similarly, Officer Pflum testified that a child was present in the apartment and that the child "was frightened." *Id.* at 84. And H.C. testified at trial that her son "was at my house." *Id.* at 129. She further testified that "in the beginning he was in the room with us, and then he had went [sic] into the living room to play on his tablet." *Id.*

[16] Here, the record shows that Lawrence's four-year-old son was in the same room as Lawrence and H.C. when they started to argue, but that the child went to the living room. Further, the record indicates that the argument was loud enough to wake up Moore, who was asleep in a neighboring apartment. While there is no direct evidence that the child saw or heard the battery, the evidence supports a reasonable inference that the child might have seen or heard it. *See* I.C. § 35-42-2-1.3(b)(2); *Manuel*, 971 N.E.2d at 1270. Therefore, the evidence most favorable to the judgment shows that Lawrence touched H.C. in a rude, insolent, or angry manner while in the physical presence of a child less than

sixteen years of age. As such, we affirm his conviction for domestic battery, as a Level 6 felony.

[17] In sum, the evidence most favorable to the judgment supports Lawrence's convictions for domestic battery, as a Level 5 felony, and domestic battery, as a Level 6 felony. Lawrence's contentions on appeal are simply requests that we reweigh the evidence, which we cannot do. We affirm Lawrence's convictions.

[18] Affirmed.

Kirsch, J., and Brown, J., concur.